IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
-vs-                             )   No. 20-CR-004-GKF
                                 )
ELISA KAYE SANDERS,              )
                                 )
            Defendant.           )

TRANSCRIPT OF MOTION HEARING

BEFORE THE HONORABLE GREGORY K. FRIZZELL

UNITED STATES DISTRICT JUDGE

MARCH 4, 2020

A P P E A R A N C E S

    **Shannon Cozzoni and Scott Proctor**, Assistant U.S. Attorneys, 110 West Seventh Street, Suite 300, Tulsa, Oklahoma, 74119, attorneys on behalf of the Plaintiff;

    **Mark D. Lyons and Martha Blackburn**, Attorneys at Law, Lyons & Clark, 616 South Main Street, Suite 201, Tulsa, Oklahoma, 74119, attorneys on behalf of the Defendant.

*REPORTED BY:*        *BRIAN P. NEIL, RMR-CRR*
                     *United States Court Reporter*

1    But anyway, I think from the face of the indictment,
2 because you are -- again, this was a lot further briefed and
3 maybe I'm -- you know, maybe I didn't do it well enough in this
4 case. But in the Connor case, we found a great deal of case
5 law that said you could go behind the face of the indictment to
6 analyze it if there's no way for the government to prove the
7 case. And if you would like me to, I can get you that
8 supplemental authority.
9    THE COURT: I think we're good here.
10    MR. LYONS: Okay.
11    THE COURT: Let me ask the government here to
12 address some of these issues.
13    First of all, this is not an honest-services case;
14 correct?
15    MS. COZZONI: No, Your Honor.
16    THE COURT: All right. Well, then I see the
17 indictment the same way the government does in that. So I
18 think motion No. 18 is the easier.
19    What is the gist of the crime here? Nondisclosure of
20 the fact that these two types of JUVÉDERM were not authorized
21 and the fact that the Botox obtained from apparently India,
22 Canada, and LA didn't come from an authorized source? Is that
23 the crime?
24    MS. COZZONI: Well, I think it's both the
25 administration of the drug and the failure to disclose. You

1   know, these victims, these patients would not have chosen to go
2   there if they'd known that these drugs were not FDA-approved.
3           THE COURT: Okay. That's the way I read --
4           MS. COZZONI: That's the very broad --
5           THE COURT: That's the way I read your indictment.
6           MS. COZZONI: Okay.
7           THE COURT: I mean, it's not a model of perfection,
8   but none of us are, all right? And we'll deal with that in the
9   motion to strike surplusage. Because I do think, at least from
10  my first reading, I'd like a serious look by the government at
11  this to see if there's anything you agree that we could strike
12  in fairness.
13          MS. COZZONI: Absolutely. I think --
14          THE COURT: Because at least it strikes me initially
15  that Mr. Lyons is probably right with regard to some of his
16  problems with some of the language.
17          But as to his argument about mere noncompliance with an
18  administrative rule being a strict liability crime, now, I
19  think he's trying to shape the issue in a way most favorable to
20  his position, which is what a good advocate does. But that's
21  not really what you're doing here; correct?
22          MS. COZZONI: Correct. I mean --
23          THE COURT: This is a straight wire fraud and mail
24  fraud case; right?
25          MS. COZZONI: Correct.