IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-CR-4-GKF |
| ELISA KAYE SANDERS, | |
| Defendant. | |

## AMENDED SENTENCING MEMORANDUM

The United States requests a five-year probationary sentence with sufficient rules and conditions to protect the public, including a prohibition from Defendant seeking reinstatement of her nursing license during the probationary term. This matter is scheduled for sentencing on September 30, 2021. The parties agree that a probationary sentence is appropriate but disputes the length necessary to accomplish sentencing goals. Victim, B.O., who has provided a victim impact statement, wishes to address the Court in person. The Government anticipates an hour for the sentencing hearing. All Exhibits are filed under seal. The only amendment is to replace paragraph six of Nature and Circumstances of the Offense.

### The Factors Under 18 U.S.C. § 3553(a)

A sentencing judge may impose either a Guidelines sentence or a non-Guidelines sentence because the Guidelines are advisory and not mandatory. *See, e.g., United States v. Booker*, 543 U.S. 220 (2005). In order to arrive at either type of sentence, the sentencing judge must consider the factors set forth in 18 U.S.C. § 3553(a).

**Nature and Circumstances of the Offense**

As majority owner and operator of a medical spa located in Tulsa, Oklahoma, Defendant Elisa Kaye Sanders ordered Botox® Cosmetic and Juvederm® Ultra 3 and 4 from unauthorized sources beginning from as early as 2012 until 2018. On April 30, 2021, pursuant to a plea agreement, Defendant entered a plea of guilty to 21 U.S.C. §§ 331(c), 333(a)(1), and 351(f)(1) for the misdemeanor charge of delivery and administration of adulterated Class III medical devices which had not been approved for distribution in the United States by the Federal Drug Administration ("FDA").

On December 10, 2014, FDA-OCI was notified by Allergan representatives regarding the Enhance Skin & Body Medical Spa (aka Tulsa Medical Spa, L'Chaim Medical Spa) selling Botox® and Juvederm® products. [PSR ¶ 10] The representatives stated that the business had not purchased the products from them or its authorized distributors since early 2012 but continued to advertise the products for sale. [PSR ¶ 10]

On January 26, 2015, a trash-pull was conducted at the business and empty boxes and vials of Botox® along with empty boxes of Juvederm® were recovered. [PSR ¶ 10] Allergan representatives reviewed the Botox® and Juvederm® boxes and determined that the products were manufactured for the foreign markets and not FDA approved for distribution within the United States.  [PSR ¶ 10]

On September 22, 2016, FDA-OCI agents interviewed Defendant and informed her that purchasing unapproved drugs and devices is illegal and the products can often cause adverse events. [PSR ¶ 10] Defendant claimed that she ordered all Botox® through McKesson and that she does all the ordering. [PSR ¶ 10] Defendant told agents she has never noticed any foreign language on a shipment; however, in late 2014 to early 2015, Defendant received Botox® directly from India. [Exhibit 1 – Bates 27847-27876].

On October 25, 2017, during an inspection based on client complaints, the Oklahoma Medical Board visited L'Chaim and found Juvederm® Ultra 4, an unapproved device. [Exhibit 2 – Bates 28473-28476].

On May 15, 2018, agents executed a search warrant at L'Chaim. From records obtained during the search warrant, agents discovered that over 11,000 units of Botox® purchased by the spa were from unauthorized sources. Defendant admitted she received Juvederm®, Botox®, and Voluma® from Medica Depot because it was cheaper. [PSR ¶ 11].

Defendant tried to hide her purchases of unapproved devices and drugs from unauthorized sources. Defendant had her niece purchase Botox® from unauthorized sources and ship to the niece's business. [PSR ¶ 11]. Defendant also falsified medical records to conceal the use of unauthorized Botox® and sent them to a local doctor. [PSR ¶ 13; Exhibit 2].

**History and Characteristics of the Defendant**

Defendant received her nursing degree in 1980. Her license was revoked on September 21, 2016 when she treated patients without the supervision of a licensed

physician, including for the administration of Botox® and fillers. [Exhibit 3 – Bates 29789-29805]. Defendant testified on behalf of the government in *U.S. v. Darnell E. Blackmon, M.D.*, 16-cv-129-JED for his dispensing of testosterone pellets at the spa.

Defendant has no criminal history.

**Need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law**

Defendant has a history of ignoring warnings from state and federal regulatory agencies for dispensing unapproved devices and drugs from unauthorized sources. Despite direct warnings from the FDA, testifying in federal court against the doctor of her spa, and losing her nursing license, Defendant continued her course of conduct administering drugs purchased from unauthorized sources and unapproved devices. Defendant does not have a criminal history and the parties agree that a term of probation is appropriate; however, a brief term of probation does not allow adequate time to ensure compliance.

Defendant's history of noncompliance demonstrates a disregard for rules and authority. Disregarding those rules so that she can make more money is not acceptable and puts at risk the safety and trust of the public.

**Adequate deterrence to criminal conduct**

Although several warnings would deter most individuals, defendant only stopped when she was charged in federal court. Defendant attempted to hide her purchases by falsifying medical records and using other people to purchase products.

**Protect the public from further crimes of the defendant**

The parties agreed that during the term of probation, defendant would be barred from reapplying for her nursing license. A five-year sentence of probation with this prohibition will adequately protect the public. Defendant violated the law while her nursing license was still valid and continued even after it was revoked. She repeatedly ignored warnings from regulatory agencies and complaints by clients.

**Victim Impact**

Agents spoke to several patients who had been treated with misbranded or adulterated drugs. The following patients specifically stated they felt betrayed:

- A.H. stated she feels that Defendant violated her trust. She suffered headaches from Botox®. She visited the business beginning in October 2015. [Exhibit 4 – Bates 29586]

- J.D. stated she started going to L'Chaim since 2011, after seeing a Groupon. She started getting Botox® for migraines she felt the treatments did not last as long. When she learned that some of the products were not FDA approved, she felt likes she was financially taken advantage of and that Defendant violated her trust. [Exhibit 5 – Bates 29590-29591]

- A.P stated after learning about the illegal products she feels deceived, hurt, and has her trust broken. She explained that Defendant used God

to make sales and now A.P. is skeptical of receiving future treatments. [Exhibit 6 – Bates 29584]

- R.B. felt upset after learning about the investigation and thinks Defendant only cared about increasing her profits at the expense of her client's safety. [Exhibit 7- Bates 29582-29583]

- D.S. feels defrauded and Defendant is unethical and broke her trust. [Exhibit 8- Bates 29592-29593]

- B.L. was treated by Defendant in March and April of 2017, with Botox®, Juvederm® Ultra 4, and (2) sets of Juvederm® Ultra with Lidocaine. B.L. suffered adverse reactions and received compensation from Defendant. B.L. expressed to Defendant that she had suffered pain and humiliation from the procedures. B.L.'s medical records were altered when sent to B.L.'s dermatologist. [Exhibit 9 – Bates 14298]

## Conclusion

Defendant repeatedly ignored federal and state agencies and continually defrauded and put at risk the clients that trusted her with their business. Based on the factors stated above, the appropriate sentence is a five-year sentence of probation with the prohibition of applying for a nursing license during that time imposed.

Dated this 23rd day of September, 2021.

Respectfully submitted,

CLINTON J. JOHNSON
ACTING UNITED STATES ATTORNEY

*/s/ Shannon B. Cozzoni*
SHANNON B. COZZONI, OBA No. 17006
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

**Certificate of Service**

I hereby certify that on the 23rd day of September, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF recipient:

*Attorney for Defendant*

*/s/ Shannon B. Cozzoni*
SHANNON B. COZZONI